# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDRA KIVELL, individually, and as Personal Representative of the Estate of Milton J. Kivell, deceased,

Plaintiff,

v.

UNION CARBIDE CORP. *et al.*,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N15C-07-093 ASB

Decided: January 29, 2018

On Plaintiff's Motion for Reargument.
**GRANTED.**


## **ORDER**

On this 29th day of January, 2018, and upon Plaintiff's, Sandra Kivell, individually and as representative of the Estate of Milton J. Kivell, deceased, Motion for Reargument, it appears to the Court that:

1. This Court granted summary judgment on August 30, 2017 in favor of Defendant Union Carbide Corporation ("UCC"). The Court granted Defendant's motion for summary judgment based on Louisiana case law including Western District of Louisiana's decision in *Roach v. Air Liquid America*.

2. On this Motion, Plaintiff argues that UCC did not advance any of the evidentiary issues relied on by this Court in its motion for summary judgment, and thus waived the arguments concerning the presence of asbestos in the Taft facility.

3. Additionally, Plaintiff's main argument on her Motion is that evidence, not available at the time of summary judgment, was discovered by Plaintiff's counsel. Plaintiff contends that the contracts, and subsequent documents produced by Kiewit on August 29, 2017, contain evidence that this Court determined Plaintiff was missing on summary judgment. On the other hand, Defendant argues that Plaintiff's argument falls short of the Rule 59 standard to show that newly discovered evidence could not in exercise of reasonable diligence, have been discovered for use at the time of Plaintiff's motion. Defendant argues that Plaintiff's case has been pending since July 2015, and Plaintiff had approximately two years to conduct discovery.

4. On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the

---

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).

Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2]  A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[3]  A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

5. The Court will consider the documents as newly discovered evidence because it is a piece of evidence that the Court did not have and was not able to consider at the time of its decision. Plaintiff seems to have laid out his position in the initial Motion.  Defendant should respond to Plaintiff's argument regarding the new evidence and Plaintiff may then reply.

6. Therefore, Plaintiff's Motion for Reargument is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

---

[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[3] *Id.*
[4] *Brenner*, 2000 WL 972649, at *1.
[5] *Newborn v. Christiana Psychiatric Services, P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)(citing *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007)).